UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMUEL ENCARNACION,

                              Plaintiff,

                -against-

SANDRA IRBY, Assistant Deputy Counsel for the New
York State Office of Court Administration; MICHELLE
FOGGIE, Clerk of the Bronx Supreme Court Criminal
Division; SHERA KNIGHT, Bronx County Assistant
District Attorney; JOHN W. MCCONNELL, Attorney for
the Office of Court Administration for New York State;
JOHN DOE, the motion clerk on September 13, 2018, for
the Bronx Supreme Court Criminal Division; JENNIFER
N. RUSSELL, Bronx County Assistant District Attorney;
MARTIN MARCUS, Justice of the Bronx Supreme Court,

                              Defendants.

22-CV-1733 (ER)

ORDER OF SERVICE

EDGARDO RAMOS, United States District Judge:

 Plaintiff, who is currently incarcerated at Five Points Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants interfered with his postconviction submissions in his state court criminal proceedings.[1] By order dated March 18, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[2]

## STANDARD OF REVIEW

 The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

---

[1] Plaintiff filed a *habeas corpus* petition challenging the legality of the same underlying conviction. *Encarnacion v. Supt. of Five Points*, No. 21-CV-7584 (ER) (SDA) (S.D.N.Y. filed Sept. 9, 2021). On April 15, 2021, the Court accepted this matter as related to 21-CV-7584.

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

      While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

      The Supreme Court has held that, under Rule 8, a complaint must include enough facts to

state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the

Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing

the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v.

Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals

of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550

U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court

must determine whether those facts make it plausible – not merely possible – that the pleader is

entitled to relief. *Id.*

## DISCUSSION

**A.    Immune defendants**

**1.    Justice Marcus**

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff fails to allege any facts showing that Justice Marcus acted beyond the scope of his judicial responsibilities or outside his jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff sues Justice Marcus for "acts arising out of, or related to, individual cases before him," he is immune from suit for such claims. *Bliven*, 579 F.3d at 210. Plaintiff's claims are dismissed under the doctrine of judicial immunity, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as

frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011)

(holding that any claim dismissed on the ground of absolute judicial immunity is frivolous for

purposes of the IFP statute, 28 U.S.C. § 1915).

       **2.**      **Assistant district attorneys Knight and Russell**

       Plaintiff names as defendants two assistant district attorneys (ADAs) in connection with

their response to Plaintiff's efforts to challenge his state court conviction. Prosecutors are

immune from civil suits for damages for acts committed within the scope of their official duties

where the challenged activities are not investigative in nature but, rather, are "'intimately

associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161,

165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v.*

*Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional

approach" that "looks to the nature of the function performed, not the identity of the actor who

performed it" (internal quotation marks and citations omitted)).

       The Second Circuit has held that "absolute immunity shields work performed during a

postconviction collateral attack, at least insofar as the challenged actions are part of the

prosecutor's role as an advocate for the state." *Warney v. Monroe Cnty.*, 587 F.3d 113, 123 (2d

Cir. 2009) (noting that "a prosecutor's function depends chiefly on whether there is pending or in

preparation a court proceeding in which the prosecutor acts as an advocate"); *Buari v. City of*

*New York*, 530 F. Supp. 3d 356, 381 (S.D.N.Y. 2021) (holding that the prosecutor's "alleged

actions were integral to defending Buari's conviction against a post-conviction attack and are

therefore protected by absolute immunity.")

       Here, Plaintiff's allegations against ADAs Knight and Russell arise from their roles as

advocates for the state in defending a conviction from collateral attack. Because they are

protected by absolute immunity, Plaintiff's claims against them are dismissed under the doctrine

of prosecutorial immunity, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28

U.S.C. § 1915(e)(2)(B)(i). *See Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that

claims dismissed because of prosecutorial immunity are frivolous for the purpose of the IFP

statute, 28 U.S.C. § 1915).

**3.     Government attorneys McConnell and Irby**

Plaintiff also names two New York State Office of Court Administration attorneys who

represented Bronx Supreme Court Criminal Division Clerk Michelle Foggie in an Article 78

proceeding Plaintiff filed against her; Foggie is also a defendant in this case. Government

attorneys are immune from suit under Section 1983 for damages, in their individual capacities,

"when functioning as an advocate of the state [or local government] in a way that is intimately

associated with the judicial process." *Mangiafico v. Blumenthal*, 471 F.3d 391, 396 (2d Cir.

2006). This immunity applies to government attorneys who perform functions "'that can fairly be

characterized as closely associated with the conduct of litigation or potential litigation' in civil

suits." *Id.* (quoting *Barrett v. United States*, 798 F.2d 565, 572 (2d Cir. 1986)); *Haughey v. Cnty.

of Putnam*, No. 18-CV-2861 (KMK), 2020 WL 1503513, at *10 (S.D.N.Y. Mar. 29, 2020)

(recognizing that government attorneys have absolute immunity for their actions "defending civil

suits") (quoting *Spear v. Town of W. Hartford*, 954 F.2d 63, 66 (2d Cir. 1992)); *O'Callaghan v.

City of New York*, No. 16-CV-1139 (ER), 2016 WL 7177509, at *11 (S.D.N.Y. Dec. 8, 2016)

(holding that an Assistant Corporation Counsel defendant was entitled to absolute immunity for

defending the City of New York in a state civil action).

Plaintiff's allegations against Defendants McConnell and Irby relate to their actions taken

within the scope of their jobs representing a state employee in civil court proceedings, and they

are immune from suit. Therefore, these claims are dismissed based on absolute immunity. 28

U.S.C. § 1915(e)(2)(B)(iii).

**B.      Michelle Foggie and Doe court clerk**

Plaintiff names as defendants Foggie and a Doe motions clerk for allegedly failing to

docket his § 440.10 motion challenging his conviction. Judicial immunity has been extended to

court clerks and "others who perform functions closely associated with the judicial process"

when they are performing discretionary acts of a judicial nature which are essential to the

judicial process, especially the filing of court documents and managing a court's calendar.

*Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985); *see Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d

Cir. 1997) (extending judicial immunity to state court clerks who were ordered by Appellate

Division judges not to provide a litigant with documents and not to expand the record on appeal).

Courts have held that "Clerk's Office activities of filing and docketing legal documents" are an

"integral part of the judicial process" and are thus entitled to absolute immunity. *McKnight v.*

*Middleton*, 699 F. Supp. 2d 507, 526 (E.D.N.Y. 2010), *aff'd*, 434 F. App'x 32 (2d Cir. 2011); *see*

*Bey v. New York*, No. 11-CV-3296, 2012 WL 4370272, at *7 (E.D.N.Y. Sept. 21, 2012) (holding

that court clerks were entitled to absolute immunity in suit alleging they refused to file

documents, and citing cases); *Humphrey v. Court Clerk for the Second Circuit*, No. 08-CV-0363,

2008 WL 1945308, at *2 (N.D.N.Y. May 1, 2008) (court clerks enjoy absolute immunity "if the

task was undertaken pursuant to the explicit direction of a judicial officer or pursuant to the

established practice of the court" (citing *Rodriguez*, 116 F.3d at 67)). Where a plaintiff is

prevented from initiating a new action, some courts have found a possible violation of her rights.

*See Humphrey*, 2008 WL 1945308, at *2 (relying on *LeGrand v. Evan*, 702 F.2d 415, 418 (2d

Cir. 1983) (reversing decision dismissing as frivolous complaint that alleged that clerk of the

6

New York Supreme Court, Kings County, refused to accept applications for a writ of *habeas corpus*, and noting that "many courts have accorded clerks only a qualified 'good faith' immunity from liability arising from ministerial acts.")).

It is not clear at this stage whether Foggie and the Doe clerk are entitled to only qualified immunity. Plaintiff alleges that these defendants failed to process his submission on or about September 13, 2018, and it is not clear whether that occurred pursuant to the explicit direction of a judicial officer or to the established practice of the court.[3] Accordingly, the Court declines at this stage to dismiss the claims against Foggie and the Doe clerk on immunity grounds.

### ORDER OF SERVICE

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be

---

[3] Plaintiff asserts that he made many attempts over a number of months to determine the status of his motion, but he either got no response, or he got conflicting information. (ECF 2 at 13-16.) The Court will address at a later stage whether this complaint is timely filed under Section 1983. *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (holding that in New York, the limitations period for a Section 1983 claim is three years from the date of accrual) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)); *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) ("The doctrine of equitable tolling permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity.'")

issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Michelle Foggie through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for the defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendant.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## VALENTIN ORDER

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the New York City Law Department to identify the Bronx Supreme Court criminal motions clerk who worked on September 13, 2018. It is therefore ordered that the government attorney or office, which/who is the attorney for and agent of the Click here to enter city, state agency, or federal agency, must ascertain the identity of the John Doe whom Plaintiff seeks to sue here and the address where the defendant may be served. The

8

New York City Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendant. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John Doe Defendant and deliver all documents necessary to effect service to the U.S. Marshals Service.

## CONCLUSION

For the reasons set forth in this order, Plaintiff's claims against the following defendants are dismissed: Sandra Irby, John W. McConnell, Shera Knight, Jennifer N. Russell, and Justice Martin Marcus.

The Clerk of Court is instructed to: (1) issue a summons for Michelle Foggie, complete the USM-285 form with the address for this defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service; (2) mail a copy of this order and the complaint to the New York City Law Department at: 100 Church Street, New York, N.Y. 10007; and (3) mail an information package to Plaintiff.

An "Amended Complaint" form is attached to this order.

9

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 9, 2022
         New York, New York

                                                                 _____

                                                                   EDGARDO RAMOS
                                           United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

1.     Michelle Foggie
       Clerk of the Bronx Supreme Court Criminal Division
       851 Grand Concourse
       Bronx, New York 10451

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


                        -against-


_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                Middle Initial            Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                          State                  Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

Defendant 2:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

Defendant 3:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

Defendant 4:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

Page 3

## V.     STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | | Plaintiff's Signature |

| First Name | Middle Initial | Last Name |

Prison Address

| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____